UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JERRY E. STREETER,<br><br>        Plaintiff,<br><br>   v.<br><br>UNITED STATES OF AMERICA,<br><br>        Defendant. | NO:  CV-10-242-RMP<br><br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS |

Before the Court is a motion by Defendant, the United States of America ("United States"), for an order dismissing Plaintiff Jerry Streeter's claim under 42 U.S.C. § 1983, one of two claims asserted by Mr. Streeter in his complaint against the United States.

The Court has reviewed Mr. Streeter's complaint (ECF No. 1) and attachments, the United States' motion to dismiss (ECF No. 4) and supporting

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 1

memorandum (ECF No. 5), and the United States' reply (ECF No. 7). The Court notes that Mr. Streeter did not respond to the motion to dismiss.[1]

## BACKGROUND

In his complaint against the United States, Mr. Streeter alleges negligent medical treatment leading to his diagnosis of colorectal cancer that, by the time of diagnosis, had metastasized to his lungs. At the time of his diagnosis, and for the three years before his diagnosis, Mr. Streeter sought and received medical care from the Veterans Health Administration, a part of the United States Department of Veterans Affairs. Mr. Streeter asserts two causes of action against the United States: (1) a medical negligence claim under the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671-2680; and (2) a civil rights violation under 42 U.S.C. § 1983.

The United States concedes that Mr. Streeter "has a remedy under the complex and comprehensive scheme in the Federal Tort Claims Act," ECF No. 5 at 2, but moves to dismiss Plaintiff's § 1983 on the basis that he is legally barred from recovery under that statute.

---

[1] Under Local Rule 7.1(e), the Court may consider the failure to timely file a memorandum of points and authorities in opposition to any motion as consent to the entry of an order adverse to the part in default.

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 2

## ANALYSIS

*Legal Standard*

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the pleadings. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A complaint may be dismissed for failure to state a claim under Rule 12(b)(6) where the factual allegations do not raise the right to relief above the speculative level. *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009); *Bell Atl. v. Twombly*, 550 U.S. 544, 555 (2007). Conversely, a complaint may not be dismissed for failure to state a claim where the allegations plausibly show that the pleader is entitled to relief. *Twombly*, 550 U.S. at 555. In ruling on a motion under Rule 12(b)(6), a court must construe the pleadings in the light most favorable to the plaintiff and accept all material factual allegations in the complaint as true, as well as any reasonable inferences drawn therefrom. *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003).

*Mr. Streeter's § 1983 Cause of Action*

A plaintiff alleging a § 1983 claim must establish:

1. Conduct by a "person";

2. Who acted "under color of State law";

3. Proximately causing;

4. A deprivation of a federally protected right.

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 3

Martin A. Schwartz and Kathryn R. Urbonya, SECTION 1983 LITIGATION 6 (2d ed. 2008) (breaking up the elements that were articulated in, e.g., *West v. Atkins*, 487 U.S. 42, 48 (1988)).

Section 1983, therefore, only provides a remedy against persons acting under color of State or local law and cannot provide a remedy against federal defendants when there is not a "'sufficiently close nexus between the State and the challenged action of the [federal actors] so that the action of the latter may be fairly treated as that of the State itself.'" *Ibrahim v. Department of Homeland Sec.*, 538 F.3d 1250, 1257 (9th Cir. 2008) (quoting *Cabrera v. Martin*, 973 F.2d 735, 744 (9th Cir. 1992)). The general rule is that there is no liability under § 1983 for federal actors. *See Morse v. North Coast Opportunities, Inc.*, 118 F.3d 1338, 1343 (9th Cir. 1997) (finding a complaint "invalid on its face in its reliance upon § 1983 as a cause of action against federal government actors").

Mr. Streeter alleges negligence of federal employees of the Veterans Health Administration and alleges no close nexus between those federal actors and the State or local government that would permit the Court to treat the federal actors' actions as those of the State itself. *See Cabrera*, 973 F.2d at 744. The Court finds that Mr. Streeter's allegation of a violation of 42 U.S.C. § 1983 does not state a

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 4

...

claim upon which relief may be granted and is, therefore, dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

Accordingly, **IT IS HEREBY ORDERED:**

1. The Defendant's motion (**ECF No. 4**) is **GRANTED**. Mr. Streeter's cause of action under 42 U.S.C. § 1983 is **DISMISSED**.

**IT IS SO ORDERED.**

The District Court Executive is directed to enter this Order and forward copies to counsel.

**DATED** this 25th day of April, 2011.

                    *s/ Rosanna Malouf Peterson*
                ROSANNA MALOUF PETERSON
           Chief United States District Court Judge

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 5